J. S71010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES R. CRUZ, JR., | : | No. 384 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 4, 2014,
in the Court of Common Pleas of Centre County
Criminal Division at No. CP-14-CR-0001246-1993

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED MARCH 05, 2015**

Appellant appeals the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Finding no error, we affirm.

Appellant was charged with the kidnapping, rape, murder, and other offenses in connection with the March 22 to 24, 1993 murder of a young woman whose body was found near an on-ramp to State Route 26 in Centre County.  On June 15, 1994, a jury found appellant guilty of first degree murder and theft, but acquitted him of the other charges. Immediately thereafter, appellant was sentenced to life imprisonment.

On December 22, 1995, this court affirmed the judgment of sentence, and on June 26, 1996, our supreme court denied appeal.  ***Commonwealth v. Cruz***, 674 A.2d 313 (Pa.Super. 1995) (unpublished memorandum),

---

* Former Justice specially assigned to the Superior Court.

*appeal denied*, 678 A.2d 364 (Pa. 1996). On March 18, 1997, appellant filed the present PCRA petition *pro se*. Attorney Robert Bascom was appointed to represent appellant, but thereafter took no further action.[1]

Appellant's petition languished for the next 15 years until, for unstated reasons, it came to the court's attention. On July 30, 2012, the court appointed new counsel. An amended PCRA petition was filed on June 10, 2013. On October 18, 2013, the Commonwealth filed a motion to dismiss appellant's petition pursuant to 42 Pa.C.S.A. § 9543(b), which permits the court to dismiss a petition where the Commonwealth would be prejudiced in its ability to re-try the petitioner. A hearing was held on October 31, 2013. On December 10, 2013, appellant petitioned to supplement the record with the testimony of Attorney Bascom. The petition was denied January 16, 2014. On February 4, 2014, the PCRA court dismissed appellant's petition on the bases that he had abandoned his PCRA effort and that the Commonwealth would be prejudiced in re-trying appellant. This appeal followed.

Appellant raises the following issues on appeal:

> I. DID THE PCRA COURT COMMIT LEGAL ERROR IN DISMISSING DEFENDANT'S POST-CONVICTION COLLATERAL RELIEF PETITION

---

[1] According to a Petition to Supplement the Record, filed 12/10/13, shortly after his appointment, Attorney Bascom had a conference with the PCRA court at which he informed the court that his appointment was beyond his area of expertise. Attorney Bascom was thereafter under the impression that he was relieved of his assignment; however, no order was ever entered permitting him to withdraw.

> AND AMENDED POST-CONVICTION COLLATERAL RELIEF PETITION?
>
> A. DID THE PCRA COURT ERR IN FINDING THAT DEFENDANT ABANDONED HIS POST-CONVICTION COLLATERAL RELIEF PETITION?
>
> B. DID THE PCRA COURT ERR IN FINDING THAT THE COMMONWEALTH WAS PREJUDICED AS A RESULT OF THE DELAY FROM THE TIME OF THE FILING OF THE PETITION TO THE DATE OF THE HEARING ON THE COMMONWEALTH'S MOTION TO DISMISS?
>
> II. DID THE PCRA COURT ERR IN DISMISSING DEFENDANT'S PETITION TO SUPPLEMENT THE RECORD?

Appellant's brief at 4.

We find no error with the trial court's holding. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the trial court, it is our determination that there is no merit to the questions raised on appeal. The trial court's thorough, six-page opinion, filed on February 4, 2014, comprehensively discusses and properly disposes of the questions presented at I.A. and I.B. The court's Rule 1925(a) opinion, filed March 18, 2014, properly disposes of the issue

listed at II.[2]  We will adopt those opinions as our own and affirm on their bases.

Orders affirmed.

Panella, J. joins the Memorandum.

Fitzgerald, J. notes dissent.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015

---

[2] 42 Pa.R.A.P., Rule 1925(a), 42 Pa.C.S.A.

Boob/Parks Miller
McGlaughlin

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
          Respondent, )
    v. )    No. CP-14-CR-1246-1993
           )
JAMES R. CRUZ, )
          Petitioner. )

*Attorney for Respondent:*        *Nathan L. Boob, Esq.*
                               *Stacy Parks Miller, Esq.*

*Attorney for Petitioner:*         *Ronald S. McGlaughlin, Esq.*

## OPINION AND ORDER

Presently before this Court is a Motion to Dismiss Petitioner's Post-Conviction Collateral Relief Petition filed by the Commonwealth in response to the Amended Post-Conviction Relief Act Petition (hereinafter "PCRA Petition") filed by James R. Cruz (hereinafter, "Petitioner"). A hearing was held on October 31, 2013 on the Commonwealth's Motion, and both parties submitted briefs to the Court. For the following reasons, the Commonwealth's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Petitioner was sentenced to life imprisonment on June 14, 1994, following conviction of Murder in the First Degree and Theft after a seven day jury trial. He appealed his conviction, and the Superior Court affirmed the trial Court's rulings. Petitioner then filed a Petition under the Post-Conviction Collateral Relief Act on March 10, 1997. Attorney Robert Bascom (hereinafter "Attorney Bascom") was appointed to represent Petitioner in his PCRA Petition. No action was taken in the case until July 30, 2012, when this Court appointed Attorney Ronald S. McGlaughlin (hereinafter "Attorney McGlaughlin") to represent Petitioner. Attorney

☒O ☐RD ☐S

McGlaughlin filed an Amended Post-Conviction Collateral Relief Petition on June 10, 2013. Following a conference, the Commonwealth filed a Motion to Dismiss Petitioner's Post-Conviction Collateral Relief Petition on the basis of delay. A hearing was held on the Commonwealth's Motion on October 31, 2013.

## DISCUSSION

### I. Post-Conviction Relief Act

Pursuant to the Post-Conviction Relief Act, a petitioner is entitled to relief on certain claims if he or she can prove by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> (ii) awaiting execution of a sentence of death for the crime; or
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
> (2) That the conviction or sentence resulted from one or more of the following:
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court
> ...
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
> (vii) The imposition of a sentence greater than the lawful maximum.
> (viii) A proceeding in a tribunal without jurisdiction.
> (3) That the allegation of error has not been previously litigated or waived.
> (4) That the failure to litigate the issue prior to or during trial, during unitary

2

review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a).

### a. 42 Pa.C.S.A. §9543(b)

42 Pa.C.S.A. §9543(b) provides that, even if a petitioner successfully meets the relevant burdens under subsection (a), a petition must be dismissed "if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or its ability to re-try the petitioner."

Dismissal pursuant to 42 Pa.C.S.A. §9543(b) is also appropriate where a petitioner abandons a timely filed petition. *Commonwealth v. Rechenski*, 988 A.2d 699 (Pa.Super. 2010). Although the express terms of the subsection refer to delays "in filing", the dominant purpose of the section is to ensure the Commonwealth is not prejudiced by a petitioner's delay in pursuing his rights under the Post-Conviction Collateral Relief Act.

Petitioner bears the responsibility of advancing his claims under the PCRA Act in a timely fashion. "While the PCRA is intended to afford certain defendants a secondary avenue to attack their conviction, it is beyond question that it is a defendant's duty to avail himself of the Act's provisions." *Commonwealth v. Rechenski*, 988 A.2d 699, 702 (Pa.Super. 2010). While the underlying petition was timely, over the next fifteen years Petitioner did little, if anything, to advance it. Although he alleged he made phone calls and sent letters to Attorney Bascom, he was unable to provide any proof of the same to this Court. Petitioner did claim he had copies of some letters to Attorney Bascom in his cell but was unable to locate them. The Court did not find this argument persuasive or credible.

Attorney abandonment may, as Petitioner argues, constitute a factual basis for a timeliness exception. *Commonwealth v. Huddleston*, 55 A.3d 1217 (Pa.Super. 2012). However, the petitioner must act with due diligence in ascertaining the fact of the abandonment in order to

3

avail himself of this exception. *Id.* In the instant case, Petitioner did not exercise due diligence in determining the status of his PCRA Petition, instead allowing fifteen years to elapse from the date of filing to the date this Court appointed new counsel to review the case. For those fifteen years, Petitioner sent no letters to this Court, filed no petitions, motions, or any other pleadings to indicate he wished to be appointed new counsel or wished to proceed with his Petition in any way. He alleges he made "a few" calls and sent "a few" letters to Attorney Bascom, however, as noted above, this Court does not find this argument persuasive or credible, nor is it sufficient evidence of Petitioner's exercise of due diligence.

Even if this Court were to find Petitioner did not abandon his PCRA Petition, the Commonwealth argues it is substantially prejudiced in both its ability to respond to the PCRA Petition and its ability to retry the case. The Court agrees. The crime in question occurred in 1993. Petitioner was tried, convicted, and sentenced in 1994. After direct appeals were unsuccessful, he filed his PCRA Petition in 1997. In the 20 years that have passed since Petitioner's trial, six witnesses have died, including William Madden, the lead investigator; Nancy Lindeman, the victim's mother; Sarah Catherman, the owner of an Exxon station who testified on behalf of Petitioner; Thomas Cawthern, the pathologist who took the victim's liver temperature and withdrew samples of bodily fluids for testing; Warren Chambers, the Deputy Coroner involved in transport and evidence collection; and Gordon Johnson, the FBI agent assigned to the case. In addition, another nine witnesses, including Heidi Hansen, Melinda Beason, and Stephanie Hudleston, school friends of the victim; Peter Herring, a detective with the Maine State Police who led the investigation of the victim's disappearance in Maine; Donald Bloser Jr., the forensic scientist who examined evidence found on the victim; William Johnson, Jr., a co-worker of Petitioner who testified on his behalf; Thelia Nash, the grandmother of John Hoffpauer, an initial suspect; Todd Schwalm, the technician who removed the tires from

Petitioner's truck for the police; and Special Agent Chester Blythe, the FBI analyst who performed hair sample analyses, are all unable to be located despite the Commonwealth's best efforts.

The testimony given over the seven day trial by these witnesses provided evidence the jury used to convict Petitioner, including statements he made; the discovery, collection, and linkage of physical evidence to the Petitioner, including semen and hair samples; the execution of search warrants which produced additional evidence; evidence and testimony which tended to disprove theories as to other suspects; and evidence regarding the manner of the victim's death, her identity, and the timeline of her disappearance. The Commonwealth cannot retry Petitioner without the testimony of these witnesses, and to present their testimony merely by reading the transcript of the proceedings is insufficient. "The prosecution should not be required to present its evidence through reading a cold trial transcript when Appellant would have the ability to present live witnesses." *Commonwealth v. Weatherhill*, 24 A.3d 435, 440 (Pa.Super. 2011).

Further, on September 12, 2003, the Honorable David E. Grine entered an order permitting the Pennsylvania State Police to destroy any evidence from the instant case in their possession. Although the items entered as exhibits at Petitioner's trial are still in the possession of the court reporter, without the witnesses noted above and the additional evidence destroyed by the Pennsylvania State Police, and due to the effects of time on the remaining witnesses' memories, it would be almost impossible for the Commonwealth to retry this case. Further, due in part to the 2005 disappearance of District Attorney Ray Gricar who prosecuted this case in 1994, it would be difficult for the Commonwealth to effectively respond to the Petition.

In light of the foregoing conclusions, this Court finds the Commonwealth would be substantially prejudiced in both retrying Petitioner's case and in responding to the PCRA Petition. Accordingly, the following is entered:

## ORDER

AND NOW, this 4th day of February, 2014, for the reasons articulated in the above Opinion, the Commonwealth's Motion to Dismiss Petition for Post-Conviction Relief is hereby **GRANTED** pursuant to 42 Pa.C.S.A. §9543(b), and Petitioner's Amended Post-Conviction Collateral Relief Petition is **DISMISSED.**

BY THE COURT:

Jonathan D. Grine, Judge

Boob
McGlaughlin

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,           )
       Plaintiff,                                    )
   v.                                                     )       No.  CP-14-CR-1993-1246
                           )
JAMES R. CRUZ, JR.                                    )
       Defendant                                   )

*Attorney for Plaintiff:*                          *Nathan L. Boob, Esq.*
*Attorney for Defendant:*                     *Ronald S. McGlaughlin, Esq.*

## OPINION IN RESPONSE TO MATTERS COMPLAINED OF ON APPEAL

Presently before this Court is an appeal filed by James R. Cruz Jr., (hereinafter "Appellant.") Appellant presents two matters complained of on appeal: 1) this Court erred in concluding that Defendant's PCRA Petition should be dismissed pursuant to 42 Pa.C.S.A. §9543(b); and 2) this Court erred in denying Appellant's Petition to Supplement the Record. This Court addressed Appellant's first issue at length in an Opinion issued February 4, 2014, which it respectfully relies upon. The Court will therefore address only Appellant's second issue.

### I.  Denial of Petition to Supplement Record

Appellant filed a Petition to Supplement Record on December 10, 2012. This Court held argument on said Petition on January 14, 2014, and issued an Order dated January 15, 2014 denying Appellant's Petition. Appellant argues this Court erred in denying his request to supplement the record with the testimony of Appellant's original PCRA counsel, Attorney Robert Bascom. This Court disagrees.

There is no absolute right to a hearing pursuant to the Post-Conviction Relief Act. *Commonwealth v. Brown*, 767 A.2d 576 (Pa.Super. 2001). A court may dismiss a petition if it has thoroughly reviewed the claims and determined they are without support in the record. *Id.*

☒O ☐RD ☐S

COPY

When a petitioner requests an evidentiary hearing, the petition must include "a signed certification as to each intended witness stating the witness's name, address, date of birth, and substance of testimony," including any documents material to the proposed witness's testimony. 42 Pa.C.S.A. §9545(d)(1).

In the instant case, this Court determined a hearing was necessary on Appellant's Amended PCRA Petition. Appellant did not present Attorney Bascom's testimony at that hearing, nor did Appellant attach a signed certification from Attorney Bascom to his Amended PCRA Petition or his Petition to Supplement Record, rendering Attorney Bascom's testimony inadmissible pursuant to 42 Pa.C.S.A. §9545(d)(1).

Even if Appellant had presented Attorney Bascom's testimony at the initial evidentiary hearing or in a subsequent hearing and it corresponded with the information provided in Appellant's Petition and at argument, said testimony would not have negated the prejudice to the Commonwealth caused by the amount of time that has passed since Appellant's original trial. This Court would still have been compelled to dismiss Appellant's Amended PCRA Petition for the reasons set forth in its original Opinion. Further, even if Attorney Bascom was permitted to testify regarding a meeting with the Honorable David E. Grine in which he was allegedly "released" from the case, there is no order on record releasing Attorney Bascom and thus he was still Appellant's PCRA attorney of record. The Court, therefore, did not err in denying Appellant's request to supplement the record.

For the reasons above and for the reasoning set forth in its Opinion of February 4, 2014, the Court respectfully requests that its decision remain undisturbed.

BY THE COURT:

Jonathan D. Grine, Judge

DATE: March 18, 2014

2